## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2017, 7:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Beverly Twilley<br>Indianapolis, Indiana | Edward D. D'Arcy, Jr.<br>Michael J. Progar<br>Doherty & Progar LLC<br>Merrillville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Beverly Twilley,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Pangea Real Estate, PP Indy 6, LLC and All Unknown Persons,<br>*Appellees-Defendants* | January 17, 2017<br><br>Court of Appeals Case No.<br>49A05-1604-CT-737<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Thomas J. Carroll, Judge<br><br>Trial Court Cause No.<br>49D06-1504-CT-11985 |

**Baker, Judge.**

[1] Beverly Twilley appeals the trial court's grant of summary judgment in favor of Pangea Real Estate (Pangea); PP Indy 6, LLC (PP Indy 6); and other unknown persons (collectively, the defendants). She argues that a mutual release signed by her and Pangea is unenforceable and that she was wrongfully evicted from her apartment. Finding that summary judgment was properly granted to the defendants, we affirm.

# Facts

[2] Pangea manages an Indianapolis apartment complex, which is owned by PP Indy 6. On July 31, 2013, Twilley entered into a lease agreement with Pangea to live in an apartment ("the First Apartment") beginning in September 2013. After moving in, Twilley informed Pangea that she believed that there was mold in the apartment. On October 3, 2013, Twilley and Pangea signed a "Mutual Release and Move-Out Agreement." Appellant's App. p. 78. Twilley agreed to move out of the First Apartment by October 30, and she was released from any obligation she had to Pangea. In return, she agreed to the following:

> Upon execution of this agreement, Tenant does hereby release and forever discharge Pangea, and its respective officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, Insurers, assignees, agents, employees and all persons acting by, through or in any way on behalf of Pangea, (collectively the "Pangea Releasees"), of and from any and all claims, debts, defenses, liabilities, costs, attorneys fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature that Tenant may now have or claim to have

against the Pangea Releasees, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arise from or are connected with or which could have been asserted in connection with the Property or Tenant's occupancy or use thereof, including those regarding any Security Deposit or Interest accrued thereon; and Tenant further covenants and agrees that this Agreement may be pleaded or asserted by or on behalf of the Pangea Releasees as a defense and complete bar to any action or claim that may be brought against or involving the Pangea Releasees by anyone acting or purporting to act on behalf of Tenant.

*Id.* On October 12, 2013, Twilley and Pangea signed a new lease agreement for a different apartment unit ("the Second Apartment").

[3] Twilley's February 2014 rent check was not honored by her bank because her bank account had insufficient funds. On February 24, 2014, Pangea initiated eviction proceedings in small claims court. On March 24, the small claims court held an eviction hearing attended by both parties, and ruled in Pangea's favor, ordering Twilley to vacate the apartment within a week. She appealed that decision at the trial court level, but Pangea did not pursue its claims because it already had possession of the Second Apartment.

[4] In April 2015, Twilley filed a claim against the defendants. In her amended complaint, she sued for the alleged presence of mold in the First Apartment, and she claimed that her eviction from the Second Apartment was wrongful and retaliatory. The defendants filed their answer and on December 21, 2015, filed a motion for summary judgment along with designated evidence. Five days before her response was due, on January 15, 2016, Twilley requested an

enlargement of time to respond to the summary judgment motion, arguing that she needed to conduct more discovery. The trial court denied this request, and after a January 26, 2016, hearing, granted summary judgment in defendants' favor. On February 25, 2016, Twilley filed a motion to correct error, which the trial court denied. Twilley now appeals.

## Discussion and Decision

[5] Twilley has two arguments on appeal. First, she argues that the mutual release is unenforceable. Second, she argues that if she were given more time for discovery, "she would have produced the CCS and the order issued by small claims court #2 stating that Pangea's and Indy 6's eviction notice cause of action against Twilley was dismissed with prejudiced [sic] . . . ." Appellant's Br. p. 10. She contends that, therefore, the trial court erred by denying her motion to correct error.

[6] Summary judgment is proper where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We apply the same standard as the trial court. *AM General LLC v. Armour*, 46 N.E.3d 436, 439 (Ind. 2015). Once the movant designates evidence indicating that she is entitled to judgment as a matter of law, the nonmoving party then has the burden to demonstrate that there is a genuine issue of material fact. *Id.* All reasonable inferences will be construed in favor of the nonmoving party. *Id.*

[7] In their summary judgment motion and designated evidence, the defendants produced evidence showing that Twilley released and waived any legal claim she may have had regarding the First Apartment. They also produced Twilley's admission that her bank did not honor her February rent check and an affidavit of an employee who testified that the eviction decision was not made for any other reason. Twilley did not file any response to the defendants' summary judgment motion.

[8] Instead, Twilley argues that the mutual release is unenforceable. She draws our attention to *Ransburg v. Richards*, 770 N.E.2d 393 (Ind. Ct. App. 2002). In that case, we held that a clause in a residential lease that provided that an apartment complex would not be liable for any damage, even if caused by its own negligence, was against public policy and could not be enforced. *Id.*

[9] Twilley's argument is misguided. Unlike the defendant in *Ransburg*, the defendants here are not citing a clause in the lease that purported to waive all liability before the fact; instead, the defendants came to an agreement with Twilley whereby she would be released from her obligations regarding the First Apartment if she agreed not to pursue a claim. The defendants then leased her a new apartment. This type of negotiation is precisely the sort of behavior sanctioned by our legislature, *see* Ind. Code § 32-31-8-6 (tenant cannot bring legal action against landlord unless "landlord fails or refuses to repair or remedy the condition"), and such mutual releases must be enforceable in order to facilitate the kind of compromise reached in this case. Here, the defendants remedied the condition by allowing Twilley out of her lease of the First

Apartment and giving her a new lease of the Second Apartment. She then failed to pay rent on the Second Apartment, subjecting her to eviction. Ind. Code § 32-31-1-8(5).

[10] As for Twilley's second argument, she has not explained what relevant evidence she hoped to gather. She contends that she wants the CCS from the small claims case that was eventually dismissed. But whether the small claims case was dismissed has no bearing on the evidence that the defendants designated in their summary judgment motion, namely, that she signed a mutual release regarding the First Apartment and then failed to pay her rent for the Second Apartment. Because a party appealing the denial of a motion for enlargement of time must show that she was prejudiced by the denial, *Erwin v. Roe*, 928 N.E.2d 609, 614 (Ind. Ct. App. 2010), Twilley's second argument is unavailing.

[11] In short, the defendants met their burden to designate evidence showing that they were entitled to judgment as a matter of law. Twilley then failed to meet her burden of demonstrating any genuine issue of material fact. The trial court appropriately granted summary judgment to the defendants.

[12] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.